UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD KRAVETZ, | Case No. 3:19-cv-00518-MMD-WGC |
| Petitioner, | ORDER |
| v. | |
| RENEE BAKER, et al., | |
| Respondents. | |

Before the Court is Respondents' motion to dismiss Richard Kravetz's 28 U.S.C. § 2254 habeas corpus Petition on the basis that some claims are unexhausted or non-cognizable on federal habeas review (ECF No. 23). As discussed below, the motion is granted in part**.**

**I.    BACKGROUND & PROCEDURAL HISTORY**

In 2009, emergency services responded to a call that Kravetz's mother was suffering from nausea, disorientation, and flu-like symptoms (ECF No. 1 at 4-7). A CT scan revealed a skull fracture behind her right ear. She ultimately died, and Kravetz was charged with her murder. A jury convicted him of Count 1: first-degree murder, victim over 60 years of age; Count 2: battery resulting in substantial bodily harm constituting domestic violence; and Counts 3 and 4: abuse and/or neglect of older person resulting in substantial bodily or mental harm or death (ECF No. 14 at 2-3).[1] The state district court sentenced him as follows: Count 1—life without the possibility of parole, plus a consecutive term of 96-240 months; Count 2—19-60 months; Count 3—24-72 months; and Count 4—24-72

---

[1] Petitioner's Exhibits A-O are found at ECF Nos. 2-17, and Respondents' Exhibits 1-65 are found at ECF Nos. 24-25.

1

months; Counts 2, 3, and 4 to run concurrently with Count 1. *Id.* The court filed the judgment of conviction on December 12, 2014. (ECF No. 1 at 2.)

The Nevada Supreme Court affirmed Kravetz's convictions in 2017, and the Nevada Court of Appeals affirmed the denial of his state postconviction habeas corpus petition in 2019.  (ECF No. 15 at 2-4; ECF No. 16 at 103-06.)

Kravetz filed his federal habeas corpus petition in August 2019 (ECF No. 1). Respondents now argue in their motion to dismiss that Ground 1 is unexhausted and not cognizable and Ground 14 is not cognizable (ECF No. 23). Kravetz opposed (ECF No. 26), and Respondents replied (ECF No. 27).

## II.     DISCUSSION

### A.     Ground 1 — Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d

1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106. However, citation to state case law that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

Kravetz contends that the state district court abused its discretion by allowing the State to introduce inadmissible bad acts in contravention of NRS § 48.045(B), which violated his constitutional right to a fair trial (ECF No. 1 at 16-28). Respondents argue that Kravetz only presented this claim on direct appeal as a state-law claim (ECF No. 23 at 5-7). They also assert that the claim is purely a matter of state law, and therefore, is not cognizable on federal habeas review.

Kravetz raised the claim on direct appeal that he was entitled to a new trial based upon the district court's order permitting the introduction of inadmissible bad acts in violation of NRS § 48.045(B). (ECF No. 14 at 24-36; *see also* ECF No. 15 at 2-4.) Respondents are correct that Kravetz relied on Nevada state cases regarding the admissibility of prior bad act evidence under the state statute. Kravetz did cite to federal

authority when discussing the harmless error doctrine, but such citation does not federalize the underlying substantive claim. This Court concludes that Kravetz did not fairly present his bad acts claim as a federal constitutional claim in his direct appeal. Accordingly, Ground 1 is unexhausted.[2]

### B.  Ground 14 — Claims of Error in State Postconviction Proceedings are Not Cognizable on Federal Habeas Review

A habeas petition must allege the petitioner's detention violates the constitution, a federal statute, or a treaty. *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989); 28 U.S.C. § 2241(c)(3). Thus "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." *Franzen*, 877 F.2d at 26; *see also Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997).

Kravetz argues that he was entitled to an evidentiary hearing on his state postconviction petition (ECF No. 1 at 69-70). Respondents are correct that this claim is not cognizable on federal habeas review (ECF No. 23 at 8). *Franzen*, 877 F.2d at 26. Ground 14 is therefore dismissed.

### C.  Petitioner's Options Regarding Unexhausted Claim

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose*, 455 U.S. at 510. A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id*. In this instant case, the Court dismisses Ground 14. The Court further concludes that Ground 1 is unexhausted. Because the Court finds that the Petition contains an unexhausted claim, Petitioner has these options:

///

///

---

[2]The court also notes that Respondents are likely correct that a claim that the state district court erred by admitting the bad-acts evidence is a purely state-law claim and therefore would not be cognizable on federal habeas review. *See Murdoch v. Castro*, 365 F.3d 699, 703 n.1 (9th Cir. 2004); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claim in his Federal Habeas Petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claim in which case his Federal Habeas Petition will be denied without prejudice; or

3. He may file a motion asking this Court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claim.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated that a stay is appropriate only when (1) there is good cause for the petitioner's failure to exhaust his claims first in state court and (2) such claims have merit. *Id.* at 277. Petitioner must present such arguments in a motion for stay and abeyance. Respondents would then have an opportunity to respond, and Petitioner to reply. Otherwise, Petitioner may file a declaration voluntarily abandoning his unexhausted claim, as described above.

Petitioner's failure to choose any of the options listed above, or seek other appropriate relief from this Court, will result in dismissal of his Federal Habeas Petition. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his Petition.

Finally, Kravetz filed two *pro se* motions for status check (ECF Nos. 20, 21). However, a party represented by counsel may not file *pro se* motions. Thus, the Court will strike the fugitive filings from the docket.

### III. CONCLUSION

It is therefore ordered that Respondents' motion to dismiss (ECF No. 23) is granted in part as follows: Ground 14 is dismissed; Ground 1 is unexhausted.

It is further ordered that Petitioner has 30 days to either: (1) inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted ground for relief in his Federal Habeas Petition and proceed on the exhausted grounds;

or (2) inform this Court in a sworn declaration that he wishes to dismiss this Petition without prejudice in order to return to state court to exhaust his unexhausted claim; or (3) file a motion for a stay and abeyance, asking this Court to hold his exhausted claim in abeyance while he returns to state court to exhaust his unexhausted claims. If Petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, Respondents may respond to such motion as provided in Local Rule 7-2.

It is further ordered that if Petitioner elects to abandon his unexhausted grounds, Respondents will have 30 days from the date Petitioner serves his declaration of abandonment in which to file an answer to Petitioner's remaining grounds for relief. The answer must contain all substantive and procedural arguments as to all surviving grounds of the Petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

It is further ordered that Petitioner will have 30 days following service of Respondents' answer in which to file a reply.

It is further ordered that if Petitioner fails to respond to this order within the time permitted, this case may be dismissed.

It is further ordered that Petitioner's two *pro se* motions for status check (ECF Nos. 20, 21) are both stricken as fugitive documents.

DATED THIS 5th day of May 2020

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE